UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL L. CALHOUN, JR.,

                    Plaintiff,

v.                                             Case No. 25-cv-1866-pp

CO WARD,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING PLAINTIFF'S MOTION TO ADD DEFENDANT (DKT. NO. 9)**

Plaintiff Carl L. Calhoun, Jr., who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On December 2, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $52.87. Dkt. No. 5. The court received that fee on February 3, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on April 15, 2025, the defendant was mad at the plaintiff's cellmate who did not lock in on time. Dkt. No. 1 at 2. The plaintiff states that once his cellmate entered the room, the defendant slammed the door with all his might against the plaintiff's finger, which injured his finger. Id. The defendant then allegedly started cussing at the plaintiff's cellmate. Id. Later, the plaintiff allegedly asked the defendant why he slammed the door on the plaintiff's finger, and the defendant said he was "tired of working all these mutha fu**in hours", didn't apologize and waved the plaintiff off. Id.

3

The plaintiff states that because of the defendant's actions, he lost the ability to hold or grab items tightly. Id. at 4. For relief, he seeks $100,000 in damages. Id.

C. Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. Hudson v. McMillian, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. The plaintiff may proceed on an Eighth Amendment claim against the defendant in his individual capacity for injuring the plaintiff by slamming the door on his hand.

The plaintiff also has filed a motion to add a defendant, in which he says that he wants to add the Milwaukee Secure Detention Facility as a defendant. Dkt. No. 9. But a state prison is not a "person" that may be sued under 42 U.S.C. §1983. Myers v. Ind. Dep't of Corr., 655 F. App'x 500, 503 (7th Cir. 2016) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989)). The court will deny the plaintiff's motion to add the institution as a defendant.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to add a defendant. Dkt. No. 9.

4

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant CO Ward. Under the informal service agreement, the court **ORDERS** defendant Ward to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$297.13** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Milwaukee Secure Detention Facility, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

5

Case 2:25-cv-01866-PP    Filed 03/06/26    Page 5 of 7    Document 10

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 6th day of March, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**