UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL L. CALHOUN, JR.,

                    Plaintiff,

        v.                                          Case No. 25-cv-1866-pp

JERMAINE WARD,

                    Defendant

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 15)**

---

Plaintiff Carl L. Calhoun, Jr., who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed this lawsuit alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendant, Officer Jermaine Ward, injured the plaintiff by slamming the door on the plaintiff's hand in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 10 at 4. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 15.

In his motion to appoint counsel, the plaintiff states that he cannot afford a lawyer, the issues involved in this case are complex, he has very little access to the law library, he has tried to find a lawyer on his own and he has only a limited understanding of the law. Dkt. No. 15.

In a civil case, the court has discretion to recruit a lawyer for an individual who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696

1

(7th Cir. 2013); 28 U.S.C. §1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" <u>Henderson v. Ghosh</u>, 755 F.3d 559, 564 (7th Cir. 2014) (quoting <u>Olson v. Morgan</u>, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" <u>Eagan v. Dempsey</u>, 987 F.3d 667, 682 (7th Cir. 2021) (quoting <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. <u>Watts v. Kidman</u>, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. <u>Pickett v. Chi. Transit Auth.</u>, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." <u>Eagan</u>, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

2

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff states that he tried to find a lawyer on his own, but he has not provided the court with any information about the lawyers he contacted—such as their names, when he contacted them and their responses. The court cannot conclude that the plaintiff made a reasonable attempt to find a lawyer. Even if the plaintiff *had* made a reasonable attempt to find a lawyer, the court has allowed him to proceed on a straightforward excessive force claim against

3

one defendant. The plaintiff has personal knowledge of the events surrounding his claim. The plaintiff's claim and his filings in this case, which include a discovery request he recently filed with the court, demonstrate that he can represent himself for the purposes of conducting discovery and responding to a motion for summary judgment. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 8th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4